## Case No. 14,471.

### UNITED STATES v. ASKINS.

[4 Cranch, C. C. 98.] [1]

Circuit Court, District of Columbia. Nov. Term, 1830.

CRIMINAL LAW—FORFEITURE OF RECOGNIZANCE—MOTION TO RESCIND—PERSONAL APPEARANCE—MALICIOUS DISFIGURING—BITING OFF EAR.

1. The court will not order the forfeiture of a recognizance, in a criminal case, to be rescinded, and permit the defendant's counsel to move in arrest of judgment, without the personal appearance of the defendant.

2. Biting off an ear is not within the Virginia act of December 17, 1792, to prevent malicious disfiguring.

Indictment for biting off the ear of John Taylor, with intent to disfigure him. Verdict "Guilty." The defendant was called, and not appearing, his recognizance was forfeited at the present term.

Mr. Hewitt, for defendant, moved the court to strike out the forfeiture, and permit him to move in arrest of judgment.

Mr. Swann, U. S. Atty., objected that it could not be done without the defendant's personal appearance.

THE COURT (THRUSTON, Circuit Judge, absent,) was of that opinion, and overruled the motion.

The defendant having personally appeared, his counsel, Mr. Hewitt, was permitted to move in arrest of judgment.

The indictment purports to be under the Virginia statute of 17 December, 1792, "to prevent malicious shooting," &c., by which it is enacted, that if any person "shall unlawfully cut out or disable the tongue, put out an eye, slit a nose, bite, or cut off a nose, or lip, or cut off or disable any limb or member of any person whatsoever, within the commonwealth, with intent, in so doing, to maim or disfigure. in any of the manners before mentioned, such person; the person or persons, so offending," &c., "shall be and are hereby declared to be felons, and shall suffer as in case of felony."

Mr. Hewitt, for defendant, cited 6 Bac. Abr. 181, 182, 384; Act Cong. April 30, 1790, § 13 (1 Stat. 112), by which it is enacted, that if

any person, within the sole and exclusive jurisdiction of the United States. "on purpose, and of malice aforethought, shall unlawfully cut off the ear or ears, or cut out or disable the tongue," &c., he shall be imprisoned, &c., and fined. &c. The present indictment is not under that act for it does not charge the malice aforethought, nor that the defendant cut off the ear. There is a difference between cutting and biting. The former shows a previous intention. biting does not.

If the Virginia act of 1792 includes the ear, there was no necessity of the act of 1802, which expressly provides for the biting off an ear when done maliciously and of malice aforethought. 4 Tuck. Bl. Comm. 207.

THE COURT (nem. con.) was of opinion, that the offence, as stated in the indictment, was not within the Virginia act of 1792, p. 178. And CRANCH, Chief Judge, thought that biting could not be called cutting; that an ear cannot be "disabled" within the meaning of the statute; nor is the ear such a member as was intended by the statute, which had enumerated the tongue, the eye, the nose, and lip.